IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DOUGLAS M. MATHIS, #319981, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-00732 |
| | ) | Judge Sharp / Knowles |
| RMSI MEDICAL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendant's[1] "Motion to Dismiss for Failure to State a Claim for Which Relief May be Granted," filed pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 10. Defendant has filed a supporting Memorandum of Law with Exhibits. Docket No. 11.

Plaintiff has filed a "Response/Answer" to Defendant's Motion with "Exhibits." Docket No. 17.

Defendant has filed a Reply (Docket No. 18), after which Plaintiff filed an "Answer" to the instant Motion, which the undersigned will construe as a Sur-Reply (Docket No. 19).

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging

---

[1] Plaintiff originally sued Phyllis Long, A. Hawkins, Christi Arndts, Susan Gerow, Derrick Schofield, Bruce Westbrook, and the RMSI Medical Services providers. Docket No. 1. Plaintiff did not name Hue La, M.D. specifically as a Defendant in the list of Defendants in the body of his Complaint, but did mention Dr. La in the factual allegations of his Complaint, such that Judge Sharp found that Plaintiff's Complaint sufficiently asserted a claim against Dr. La. See Docket Nos. 1, 3, 4. In an Order entered July 16, 2015, Judge Sharp dismissed Plaintiff's claims against all Defendants except Dr. La. Docket Nos. 3, 4. Accordingly, Hue La, M.D., is the only remaining Defendant in this action.

that Defendant violated his Eighth Amendment rights during his incarceration at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee, when he did not receive certain medical treatment for his knee injury. Docket No. 1.[2] Specifically, Plaintiff avers:

> 16. On 8/12/2014, was sent back to see Dr. Baker, told plaintiff that he should have had surgery [on his knee] three (3) months ago. I was told that I needed surgery three (3) months ago on 8/17/2014.
>
> 17. RMSI PA Lisa Jack, issued a consult for surgery on 1/15/2015, written by Dr. LA, on 8/17/214, however the surgery was not performed;
>
> 18. On 9/16/2014, an Inmate Request was sent concerning the consult for surgery. Plaintiff request a boots [*sic*] and knee brace;
>
> 19. On 12/20/2014, plaintiff sent an Inmate Request because left knee was worse and his knee was falling out of the socket.; On 1/15/2015, plaintiff filed an Inmate Request requesting PA Lisa Jack to schedule for surgery. Plaintiff received surgery on 1/30/2015;
>
> 20. On 2/18/2015, plaintiff filed a grievance for not being treated in a timely manner and a grievance hearing was held on 3/3/2015.
>
> 21. On 1/28/2015, Dr. Baker removed surgically fifty percent (50%) of cartilage from plaintiff's knee;
>
> 22. On 2/11/2015, a follow-up with Dr. Baker, who stated that

---

[2] Plaintiff's Complaint alleges that the original Defendants violated his First, Eighth, and Fourteenth Amendments. *See* Docket No. 1. Plaintiff's First and Fourteenth Amendment claims, however, relate to the Defendants who have since been terminated as parties in this action. *See* Docket Nos. 1, 3, 4. Accordingly, the undersigned will address only Plaintiff's Eighth Amendment claims as they relate to the instant Defendant.

Additionally, because Plaintiff's Complaint was filed June 29, 2015, Judge Sharp, in his Order entered July 16, 2015, determined that Plaintiff's claims pre-dating June 25, 2014 were time barred. Docket No. 3. Accordingly, the undersigned will address only those allegations from June 25, 2014 onward.

> DR. LA waited too late to have surgery therefore plaintiff, would be crippled in three (3) years;
>
> 23. On 2/15/2015, Plaintiff filed an Inmate Request requesting a knee brace, which was approved by Dr. LA but was never received;
>
> 24. On the 3/3/2015 [*sic*], grievance hearing committee members agreed that plaintiff have his knee properly repaired/fixed;
>
> 25. On 4/1/2015, plaintiff is still having problems with knee; condition was bone against bone. Injection was given by Dr. Baker, which will only last for six months;
>
> 26. On 4/16/2015, plaintiff was sent to DeBerry Special Needs Facility (DSNF) where Dr. Baker, administered a shot at MeHarry Hospital to knee;
>
> . . .
>
> 30. As of 5/9/2015, plaintiff still has not been scheduled nor received surgery for his knee. . .[3]

*Id.* (footnote added).

Plaintiff does not state the capacity in which he sues Defendant; accordingly, Plaintiff is deemed to sue Defendant in his official capacity. *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989). Plaintiff seeks a Court Order for the "surgery and the treatment [he] needs"; compensatory and punitive damages; attorneys fees,[4] costs, fees, and interest; and any other relief the Court deems appropriate and equitable. Docket No. 1.

---

[3] Although Plaintiff states: "As of 5/19/2015, [he] still has not been scheduled nor received surgery for his knee," he also states: "On 1/28/2015, Dr. Baker removed surgically fifty percent (50%) of cartilage from plaintiff's knee"; and "Plaintiff received surgery on 1/30/2015." *Compare* Docket No. 1, ¶¶ 19, 21, 30.

[4] Plaintiff is, however, proceeding pro se.

3

Defendant filed the instant Motion and accompanying materials arguing that Plaintiff's claims against him should be dismissed because: (1) Plaintiff did not name him as a Defendant, but rather, only mentioned him in the statement of facts when he mentioned other medical providers who were also not named Defendants; (2) Plaintiff's allegations as to Dr. La are confusing because Plaintiff argues both that Dr. La approved his request for a knee brace but he never received it, and also that he received a knee brace on 2/16/2014 and 6/10/2014; (3) Plaintiff's allegations as to Dr. La are further confusing because Plaintiff argues both that he never had surgery and also that he had surgery on 1/28/2015 and 1/30/2015, but that "Dr. La waited too late" for his surgeries; (4) Plaintiff states in his Complaint that he received medical attention for his knee, including receiving x-rays, repeatedly seeing an orthopedist, undergoing surgery, and receiving a knee brace, such that he cannot sustain his Eighth Amendment claim; and (5) Plaintiff states in his Complaint that his "claims are subject to the requirements of T.C.A. § 29-26-121 and T.C.A. § 29-26-122," but Plaintiff failed to comply with those provisions and file the requisite pre-suit notice or certificate of good faith, such that his claims should be dismissed. Docket Nos. 10, 11.

Plaintiff responds that Defendant's Motion must be denied because it is "invalid as it is not notarized or verified" and because "it was not properly sworn in any way." Docket No. 17. Plaintiff further responds that Dr. La was a named Defendant, and argues that he filed this action to complain of the delayed treatment he received after he injured his knee. *Id.* Plaintiff states in his Response that he received an MRI in 6/2014, that his "first surgery was performed on 1/30/2015," during which Dr. Baker removed 50% of the cartilage in his knee; that his "second surgery was performed on 7/13/2015, where he had injections to his knee"; and that he received a

knee brace on 2/12/2014, but did not receive a "second hinged" knee brace after surgery because it was a "security issue." *Id.* Plaintiff acknowledges, "RMSI has done several test [*sic*], and has sent the plaintiff to see several medical personnel, but nothing, as of this date, has changed." *Id.* Plaintiff then argues that, as of September 30, 2015, he "continues to suffer in severe pain and cannot seem to get the needed surgery," due to the cost of the surgery. *Id.* Plaintiff additionally states that he "is in compliance with § 29-16-121 and 122." *Id.* Plaintiff argues that he has sufficiently stated a claim establishing that Defendant violated his Eighth Amendment rights such that Defendant's Motion should be denied. *Id.*

Defendant replies that Plaintiff's verification argument is misplaced because 28 U.S.C. § 1746 does not apply to the instant Motion to Dismiss. Docket No. 18. Defendant also reiterates his contention that Plaintiff has failed to comply with either T.C.A. § 29-26-121 or T.C.A. § 29-26-122. *Id.* Defendant further replies that Plaintiff makes "very few factual allegations specific to this Defendant," and argues that this Court should disregard Plaintiff's contentions regarding Defendants who have been dismissed. *Id.* Defendant argues that the allegations contained in both Plaintiff's Complaint and Response fail to show how he violated Plaintiff's constitutional rights, and in fact, establish that Defendant provided care to and for Plaintiff's knee, and that Plaintiff has received, and continues to receive, medical care, including surgery. *Id.* Defendant argues that because Plaintiff's own allegations demonstrate that he has received two surgeries on his knee, along with multiple referrals and consultations with his surgeon, Plaintiff cannot establish that Defendant was deliberately indifferent to his serious medical need, and Plaintiff's claims against him should be dismissed. *Id.*

Plaintiff, in his SurReply, reiterates his argument that Defendant's Motion to Dismiss is

5

invalid, and he contends that the requirements in T.C.A. § 29-26-121 and T.C.A. § 29-26-122 are directive, not mandatory. Docket No. 19. As to Defendant specifically, Plaintiff contends only that he is "responsible for scheduling appointments." *Id.*

For the reasons discussed below, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 10) be GRANTED and that this action be DISMISSED.

## II. Law and Analysis

### A. Standard of Review: Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First,

> the tenet that a court must accept as true all of the allegations
> contained in a complaint is inapplicable to legal conclusions.
> Threadbare recitals of the elements of the cause of action,
> supported by mere conclusory statements, do not suffice . . . . Rule
> 8 marks a notable and generous departure from the hyper-technical,
> code-pleading regime of a prior era, but it does not unlock the
> doors of discovery for plaintiff armed with nothing more than
> conclusions. Second, only a complaint that states a plausible claim
> for relief survives a motion to dismiss . . . . Determining whether a
> complaint states a plausible claim for relief will, as the Court of
> Appeals observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common
> sense. . . . But where the well-pleaded facts do not permit the court
> to infer more than the mere possibility of misconduct, the
> complaint has alleged - but it has not "show[n]" - "that the pleader
> is entitled to relief."

556 U.S. at 678-79 (citations omitted).

### B. 42 U.S.C. § 1983

#### 1. Generally

As has been noted, Plaintiff claims that Defendant was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S.

42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**2. Eighth Amendment**

**a. Generally**

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety.

*Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

### b. Deliberate Indifference To Serious Medical Needs

The State has a constitutional obligation, under the Eighth Amendment, to provide adequate medical care to those whom it has incarcerated. *Estelle,* 429 U.S. at 104, 97 S. Ct. at 291.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle,* 429 U.S. at 104. This is true "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104-05.

Not every prisoner's allegation of inadequate medical treatment, however, is a violation of the Eighth Amendment. *Estelle,* 429 U.S. at 105. For instance, courts have held that the accidental, inadvertent, or negligent failure to provide adequate medical care does not state such a claim. *Id.* at 105-06 (citations omitted).

Pursuant to Supreme Court precedent, the Sixth Circuit held, in *Hunt v. Reynolds*, that Eighth Amendment deliberate indifference claims must contain both an objective component, "that [plaintiff's] medical needs were sufficiently serious," and a subjective component, "that the defendant state officials were deliberately indifferent to the plaintiff's needs." 974 F.2d 734, 735 (6th Cir. 1992) (citations omitted).

In order to satisfy the objective requirement, the Supreme Court requires that an inmate demonstrate evidence of a current harm or evidence of a medical complaint or condition of confinement that "is sure or very likely to cause serious illness and needless suffering." *Helling*

*v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). Under the Eighth Amendment, inmate plaintiffs, must allege, at the very least, unnecessary pain or suffering resulting from prison officials' deliberate indifference. *Id*. (prisoner alleging that he suffered pain and mental anguish from delay in medical care states a valid Eighth Amendment claim).

As for the subjective element, the Sixth Circuit has held that "a determination of deliberate indifference does not require proof of intent to harm." *Weeks v. Chaboudy*, 984 F.2d 185, 187 (6th Cir. 1993). There must, however, be a showing of deliberate indifference to an inmate's serious medical needs. *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (*citing Westlake v. Lucas*, 537 F. 2d 857, 860 n. 3 (6th Cir. 1976)). In fact, "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted). The inquiry, therefore, according to the Sixth Circuit, is "[w]as this individual prison official aware of the risk to the inmate's health and deliberately indifferent to it?" *Thaddeus-X*, 175 F.3d at 402 (*citing Farmer v. Brennan*, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982-83, 128 L. Ed. 2d 811 (1994)).

**C. The Case at Bar**

As has can be seen in the recitation of Plaintiff's allegations above, Plaintiff's Complaint, Response, and Sur-Reply contain conflicting statements concerning his receipt of medical care for his knee. *See* Docket Nos. 1, 17, 19. Plaintiff argues both that he was denied a brace and surgery, and also that he did receive, *inter alia*, an MRI, surgery, shots, a brace, repeated doctor's visits, and repeated referrals to an orthopedist. *See id.* When, as here, pleadings contain inconsistent allegations, "it is Plaintiff's admissions that matter when considering whether Plaintiff's claim is

legally sufficient to survive a motion to dismiss." *See Guest-Marcotte v. Life Ins. Co. Of North America*, 2015 WL 4644936, at *8 (E.D. Mich. 2015)(slip copy), *citing Malibu Media, LLC v. Sanchez*, 2014 WL 172301, at *3 (E.D. Mich. 2014). Accordingly, Plaintiff did receive, *inter alia*, an MRI, surgery, shots, a brace, repeated doctor's visits, and repeated referrals to an orthopedist. *See* Docket Nos. 1, 17, 19.

Taking as true that Plaintiff received medical care for his knee, Plaintiff instead argues that Defendant is liable because he delayed his knee surgery. *Id.* In order to hold Defendant liable for deliberate indifference caused by delayed treatment, Plaintiff must establish a detrimental effect caused by that alleged delay. Plaintiff's argued harm in the instant action is prospective; that is, he alleges that if his knee is "not fixed in three (3) years, [he] *would be* crippled." Docket No. 1, ¶¶ 9, 22 (emphasis added).

Because the harm of which Plaintiff complains is prospective, and because Plaintiff did receive treatment (including surgery), Plaintiff has failed to show that Defendant was deliberately indifferent to his serious medical needs. Because Plaintiff can not establish that Defendant violated his constitutional rights, he cannot sustain his claim and this action should be dismissed.

### III. Conclusion

For the reasons discussed above, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 10) be GRANTED, that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said

11

objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                             E. CLIFTON KNOWLES
                                                             United States Magistrate Judge