UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DOUGLAS M. MATHIS, #319981,           )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )    No. 3:15-00732
                                       )    Judge Sharp
RMSI MEDICAL SERVICES, et al.,         )
                                       )
          Defendants.                  )

## ORDER

The Magistrate Judge has issued a Report and Recommendation ("R & R") in which he recommends that the Motion to Dismiss filed by Defendant Hue La, M.D. (Docket No. 10) be granted and that this case be dismissed. Plaintiff has filed Objections to the R & R (Docket No. 33).

The basis for the recommended dismissal is as follows:

> . . . Plaintiff's Complaint, Response, and Sur-Reply contain conflicting statements concerning his receipt of medical care for his knee. See Docket Nos. 1, 17, 19. Plaintiff argues both that he was denied a brace and surgery, and also that he did receive, inter alia, an MRI, surgery, shots, a brace, repeated doctor's visits, and repeated referrals to an orthopedist. See id. When, as here, pleadings contain inconsistent allegations, "it is Plaintiff's admissions that matter when considering whether Plaintiff's claim is legally sufficient to survive a motion to dismiss." See Guest-Marcotte v. Life Ins. Co. Of North America, 2015 WL 4644936, at *8 (E.D. Mich. 2015) (slip copy), citing Malibu Media, LLC v. Sanchez, 2014 WL 172301, at *3 (E.D. Mich. 2014). Accordingly, Plaintiff did receive, inter alia, an MRI, surgery, shots, a brace, repeated doctor's visits, and repeated referrals to an orthopedist. See Docket Nos. 1, 17, 19.
>
> Taking as true that Plaintiff received medical care for his knee, Plaintiff instead argues that Defendant is liable because he delayed his knee surgery. Id. In order to hold Defendant liable for deliberate indifference caused by delayed treatment, Plaintiff must establish a detrimental effect caused by that alleged delay. Plaintiff's argued harm in the instant action is prospective; that is, he alleges that if his knee is "not fixed in three (3) years, [he] would be crippled." Docket No. 1, ¶¶ 9, 22 (emphasis added).
>
> Because the harm of which Plaintiff complains is prospective, and because Plaintiff did receive treatment (including surgery), Plaintiff has failed to show that Defendant was deliberately indifferent to his serious medical needs. Because Plaintiff can not establish that Defendant violated his constitutional rights, he cannot sustain his claim and this

1

action should be dismissed.

(Docket No. 26 at 10-11). Upon *de novo* review, the Court respectfully disagrees with the recommended disposition at this juncture.

To be sure, the Complaint is not a model of clarity, but Plaintiff is proceeding *pro se* and entitled to a certain amount of indulgence. Indeed, "[a] document filed *pro se* is 'to be liberally construed,' and 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); see Whitehouse v. Piazza, 397 F. Supp. 2d 935, 941 (N.D. Ill. 2005) ("it is not uncommon for a plaintiff to have inconsistencies within the body of one complaint or between complaints").

Further, and as the Magistrate Judge points out, "Plaintiff must establish a detrimental effect caused by th[e] alleged delay" in the treatment of his knee, but the time for making that showing is not now. Rather, "[a] prisoner has adequately stated a cause of action 'when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury.'" Scott v. Ambani, 577 F.3d 642, 648 (6th Cir. 2009). As this Court pointed out in its initial screening pursuant to the Prison Litigation Reform Act:

> Construing the complaint liberally, the plaintiff alleges that Dr. La was responsible for delaying his knee surgery for more than five months after an orthopedic specialist determined the surgery to be both medically necessary and urgent. He further alleges that because of the delay, he continues to experience problems with his knee and that the specialist has informed him that because he waited so long for surgery he will eventually be "crippled."

(Docket No. 3 at 4). The fact that the harm may be "prospective" is not necessarily fatal: "An Eighth Amendment claim may be premised on deliberate indifference to exposing an inmate to an unreasonable risk of serious harm in the future." Dodson v. Wilkinson, 304 F. App'x 434, 439 (6th Cir. 2008) (citing Helling v. McKinney, 509 U.S. 25, 36 (1993)); see Blosser v. Gilbert, 2009 WL 909557,

2

at *11 (E.D. Mich. Mar. 31, 2009) (same).

As an alternative basis for dismissal, Defendant argues that Plaintiff's Complaint sounds in state tort law and that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." Graham ex rel. Estate of Graham v. Cty. Washtenaw, 358 F.3d 377, 385 (6th Cir. 2004). But whether this is really a negligence action (if even that) is something best decided in the context of a Motion for Summary Judgment. Indeed, Graham, and Reid v. Sapp, 84 Fed. App'x 550 (6th Cir. 2003), which Defendant states is "a case with facts highly anlaogous to those alleged here," (Docket No. 11 at 11) were both decided in the context of summary judgment.

Admittedly, Plaintiff may have a tough row to hoe in presenting a triable issue on whether he was subjected to deliberate indifference, and this case may well be subject to dismissal on summary judgment. However, the Court finds that dismissal based on the pleadings is unwarranted.

Accordingly, the Court rules as follows:

(1) The Report and Recommendation (Docket No. 26) is hereby REJECTED; and

(2) Defendant Hue La M.D.'s Motion to Dismiss for Failure to State a Claim (Docket No. 10) is hereby DENIED.

This case is returned to the Magistrate Judge for further pretrial case management.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

3